```
          IN THE UNITED STATES DISTRICT COURT FOR THE
                  EASTERN DISTRICT OF OKLAHOMA

JANICE MAE MARSHALL,           )
                               )
            Plaintiff,         )
                               )
v.                             )   Case No. CIV-12-334-KEW
                               )
CAROLYN W. COLVIN, Acting      )
Commissioner of Social         )
Security Administration,       )
                               )
            Defendant.         )
```

## OPINION AND ORDER

Plaintiff Janice Mae Marshall (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* <u>Williams v. Bowen</u>, 844 F.2d 748, 750-51 (10th Cir. 1988).

substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on July 3, 1965 and was 45 years old at the time of the ALJ's decision. Claimant completed her high school education. Claimant worked in the past as a waitress and assistant retail manager. Claimant alleges an inability to work beginning December 4, 2004 due to limitations resulting from lower back problems, neuropathy, depression, carpal tunnel syndrome, asthma,

osteoporosis, and migraines.

## Procedural History

On October 25, 2007, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and on February 1, 2008, he filed for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act.  Claimant's applications were denied initially and upon reconsideration.  After an administrative hearing, the ALJ issued an unfavorable decision on March 31, 2010.  The Appeals Council remanded the case for further proceedings on October 22, 2010.

After a second administrative hearing on January 11, 2011, ALJ Osly F. Deramus issued an unfavorable decision on February 22, 2011. On June 6, 2012, the Appeals Council denied review of the ALJ's decision.  As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal.  20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation.  He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform sedentary work with

limitations.

**Errors Alleged for Review**

Claimant asserts the ALJ committed error in (1) failing to properly consider the opinions of her treating physicians; (2) failing to properly consider her carpal tunnel syndrome as a severe impairment; and (3) failing to engage in a proper credibility analysis. Claimant also requests that benefits be awarded rather than this matter being remanded for further proceedings.

**Comment on the Briefing**

Claimant has filed his opening and reply brief referencing the documents in the administrative record by their number utilized at the administrative level (e.g. - Exhibit 6F, etc.). The use of such unspecific nomenclature does not assist this Court in its review. The record provided by Defendant includes Bates page numbering. In the future, counsel for Claimant shall refer to these page numbers in any briefing he files with this Court or risk the striking of his brief for re-filing using this referencing.

**Consideration of Opinion Evidence**

In his decision, the ALJ found Claimant suffered from the severe impairments of degenerative disk disease, anxiety, and depression. (Tr. 19). The ALJ determined Claimant retained the RFC to perform a full range of sedentary work except that she could only

occasionally stoop, crouch, crawl, kneel, balance, and climb stairs and ladders.  Additionally, due to psychological factors, Claimant could perform simple tasks with routine supervision, could relate to supervisors and peers on a superficial work basis but could not relate to the public, and could adapt to a work situation.  (Tr. 21).  After consultation with a vocational expert, the ALJ found Claimant could perform the representative job of a document preparer, which he found existed in sufficient number nationally and regionally.  (Tr. 26).  He, therefore, concluded Claimant was not disabled.  (Tr. 26-27).

Claimant first contends the ALJ failed to properly evaluate the opinions of her treating physicians, Dr. Raymond F. Sorensen and Dr. Gregory Rogers.  On October 3, 2005, Dr. Sorensen, a pain management specialist, found Claimant had paraspinous spasms in the lumbar region extending from L3 to S1.  She had markedly tender facets at L4-5 and L5-S1.  She also had tender intervertebral spaces at the same levels.  Claimant's flexion was 60 degrees, extension was too neutral, right side bending was 10 degrees, and left side bending was 15 degrees.  Her sacroiliac joints were mildly tender.  She had tender sacroiliac joints bilaterally.  Dr. Sorensen noted Claimant had a mildly positive straight leg raise on the right at 40 degrees.  Her muscle stretch reflexes were 2+ and symmetrical while her strength was 5/5 in all myotomes.

Dr. Sorensen diagnosed Claimant with lumbar strain with right radicular symptoms, myofascial pain syndrome, and sacroiliac joint dysfunction.  He started Claimant on Percocet, Zanaflex, and an epidural steroid injection.  He commented that "[a]t this juncture it is felt that patient does have a work related injury associated with her employment with Country Style Home Health.  She is temporarily totally disabled from her date of injury to this date and until maximum medical improvement has been obtained, which is an indefinite time in the future."  (Tr. 445).

The ALJ stated that he considered Dr. Sorensen's opinion but noted that the conclusion was on an issue reserved to the Commissioner.  He declined to give the opinion controlling weight or special significance.  (Tr. 24).

In deciding how much weight to give the opinion of a treating physician, an ALJ must first determine whether the opinion is entitled to "controlling weight."  Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003).  An ALJ is required to give the opinion of a treating physician controlling weight if it is both: (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) "consistent with other substantial evidence in the record."  Id. (quotation omitted).  "[I]f the opinion is deficient in either of these respects, then it is not

entitled to controlling weight." Id.

Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527." Id. (quotation omitted). The factors reference in that section are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. Id. at 1300-01 (quotation omitted). After considering these factors, the ALJ must "give good reasons" for the weight he ultimately assigns the opinion. 20 C.F.R. § 404.1527(d)(2); Robinson v. Barnhart, 366 F.3d 1078, 1082 (10th Cir. 2004)(citations omitted). Any such findings must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinions and the reason for that weight." Id. "Finally, if the

ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so." Watkins, 350 F.3d at 1301 (quotations omitted).

The ALJ's sole reason for affording the opinion of this treating physician reduced weight was that it touched upon an area reserved for the Commissioner. "[T]he [ALJ] is required to evaluate all evidence in the case record that may have a bearing on the determination or decision of disability, including opinions from medical sources about issues reserved to the Commissioner." Miller v. Barnhart, 2002 WL 1608452, 3 (10th Cir. (N.M.)) quoting Soc. Sec. R. 96-5p, 1996 WL 374183, at 3. Although the ALJ states he considered the opinion, the only comment the ALJ gave with regard to the opinion was that it reached a conclusion on an issue reserved to the Commissioner. This does not fulfill the weighing analysis required by Watkins. On remand, the ALJ shall specifically state the weight given to the opinion including his medical findings. He should keep the admonition from the regulations that

> Because treating source evidence (including opinion evidence) is important, if the evidence does not support a treating source's opinion on any issue reserved to the Commissioner and the adjudicator cannot ascertain the basis of the opinion from the case record, the adjudicator must make "every reasonable effort" to recontact the source for clarification of the reasons for the opinion.

1996 WL 374183 at 6.

Should the ALJ determine that he cannot determine the basis for Dr. Sorensen's opinion, he should recontact him for clarification.

Claimant also asserts the ALJ failed to give Dr. Rogers' opinion controlling weight at a treating physician.  Dr. Rogers authored a letter dated July 11, 2008 which essentially amounts to a physical RFC assessment.  He diagnosed Claimant with the following conditions:

- chronic severe lower back pain
- lumbar degenerative disc disease
- lumbar degenerative facet arthropathy
- cervical degenerative joint disease
- lower cervical motion dysfunction
- T11 compression fracture anteriorly
- bulging annulus L4-L5
- L4 nerve root impingement
- premature osteoporosis
- surgical graft to right humerus secondary to motor vehicle accident
- bilateral sacroiliiac joint dysfunction with right to left inclination
- specific point tenderness secondary to a significantly increased lumbo-sacral angle
- neuro-foraminal narrowing noted in the C5-6-7 region
- lumbar radiculopathy reproduced with direct pressure on the L4-5-S1 nerve roots
- severe occipital/bi-temporal headaches reproduced by direct pressure in the sub-occipital nerve roots at the top of the cervical spine
- paravertebral muscle tightness and tenderness in the neck and lower back, expanding out to skeletal muscles such as trapezius and l. dorsi

(Tr. 532).

Dr. Rogers also provided information on Claimant's functional

capabilities. He estimated the following:

- sit for up to 20 minutes without rest and up to 2-3 hours in an 8 hour workday
- stand up to 10 minutes without rest and 1-2 hours in a workday
- walk up to 15 minutes without rest and 2 hours in a workday
- lift up to 10 pounds once and 5 pounds repeatedly
- carry up to 5 pounds once and 5 pounds repeatedly
- handling objects was "affected by carpal tunnel syndrome"
- hearing unaffected
- speaking unaffected
- when traveling, Claimant must stop every 30 minutes for stretching
- memory was moderately affected, especially when pain was worse
- sustained concentration was moderately affected, especially when pain was worse
- social interaction was severely affected by a multitude of factors involving Claimant's condition
- adaptation was severely affected, according to the severity of her pain

(Tr. 532).

The ALJ afforded Dr. Rogers' opinion was not entitled to controlling weight. His basis for the reduced weight was (1) Dr. Rogers was a general family practitioner with no expertise in orthopedics, neurology, or psychiatry; and (2) his opinion was not well supported by medically acceptable clinical and diagnostic techniques and because it was inconsistent with other substantial medical evidence of record. The ALJ then cites to Dr. Rogers' treatment records wherein Claimant had been exercising at home for

four days prior to the July 2008 opinion. He also cited to the medical records of Dr. Gannon in December of 2008 wherein he found Claimant had a normal gait and did not use an assistive device. The ALJ also cited to a September 2010 examination in which Claimant was found to have no edema, clubbing, or cyanosis, strong pulses bilaterally in her extremities and equal hand grips. X-rays revealed no abnormalities in the thoracic and lumbar spines. (Tr. 24-25).

Even if the ALJ did not give the opinion controlling weight, he must set forth the weight he did give the opinion, as he did not reject the opinion out of hand. The medical records support many of Dr. Rogers' diagnoses. Dr. Ronald Schatzman performed a consultative examination in March of 2008. He diagnosed Claimant with back pain, probable herniated nucleus proposis at L5-S1 with positive straight leg raising sitting and lying down, inability to ambulate safely without a cane, and Degravane's disease of the left hand. He found Claimant had been ambulating with a cane for safety. She had significant physical findings which were consistent, severely interfering with her activities of daily living. The Degravane's disease of the left hand was found to be readily amenable to surgical intervention. (Tr. 451). This report was inconsistent with the ALJ's findings. On remand, the ALJ shall re-evaluate Dr. Rogers' opinion in light of the entire medical record

and set forth the weight he will be giving to the report.

### Analysis of Carpal Tunnel Syndrome

Claimant contends the ALJ should have found her carpal tunnel syndrome to be a severe impairment. At step two, Claimant bears the burden of showing the existence of an impairment or combination of impairments which "significantly limits [his] physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c). An impairment which warrants disability benefits is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(1)(D). The severity determination for an alleged impairment is based on medical evidence alone and "does not include consideration of such factors as age, education, and work experience." Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988).

The burden of showing a severe impairment is "de minimis," yet the presence of a medical condition alone is not sufficient at step two. Hinkle v. Apfel, 132 F.3d 1349, 1352 (10th Cir. 1997); Soc. Sec. R. 85-28. A claimant must demonstrate he has a severe impairment that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42

U.S.C. § 1382c(a)(1)(D).

A claimant's testimony alone is insufficient to establish a severe impairment. The requirements clearly provide:

> An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability as defined in this section; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all evidence required to be furnished under this paragraph (including statements of the individual or his physician as to the intensity and persistence of such pain or other symptoms which may reasonably be accepted as consistent with the medical signs and findings), would lead to a conclusion that the individual is under a disability. Objective medical evidence of pain or other symptoms established by medically acceptable clinical or laboratory techniques (for example, deteriorating nerve or muscle tissue) must be considered in reaching a conclusion as to whether the individual is under a disability.

42 U.S.C.A. § 423(d)(5)(A).

The functional limitations must be marked and severe that can be expected to result in death or to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(1)(C)(i); 20 C.F.R. § 416.927(a)(1).

Dr. Patrick Gannon performed carpal tunnel release surgery on Claimant in January and April of 2009. (Tr. 707, 715). All of the medical records cited by Claimant in her brief are dated prior to this surgery. Claimant relies almost exclusively upon her own testimony to establish her carpal tunnel syndrome as a severe

14

impairment which is not permitted.  Later medical records indicate equal grip strength. (Tr. 742).  Claimant has not sought any other medical treatment contained in this record for this condition.  This Court finds no error in the ALJ's failure to include Claimant's carpal tunnel syndrome as a severe impairment at step two.

### Credibility Determination

Claimant also asserts the ALJ did not properly assess her credibility.  It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence.  Id.    Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back,

standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3.

The ALJ makes the typical boilerplate finding which states "claimant's statements concerning the intensity, persistence and limiting effects of these alleged symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." As this Court has stated on numerous occasions, this rote statement reverses the appropriate analysis - the ALJ should be evaluating Claimant's testimony as evidence in the case before reaching his RFC determination. He also makes the general statement that "[a]lthough the longitudinal evidence of record does reveal the claimant to be severely limited, it is not necessarily consistent with the claimant's allegations of disability." (Tr. 22). This Court is uncertain as to the intent of this statement. If the record supports Claimant's severe limitations, her testimony should reasonably be expected to be credible. Nevertheless, the ALJ shall reconsider his credibility findings making the necessary affirmative link with the evidence after fully considering the opinion testimony of Drs. Rogers and Sorensen.

**Awarding of Benefits**

Claimant urges this Court to direct the awarding of benefits,

mainly due to the extended period of time that her applications have been pending. This Court denies this request as the ALJ should be provided an opportunity to re-evaluate his decision in light of this Court's ruling.

### Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED** for further proceedings consistent with this Opinion and Order.

IT IS SO ORDERED this 23rd day of September, 2013.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE